UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE ERNESTO MARTINEZ,
an individual,

   Plaintiff,

vs.

STEW LEONARD'S, L.L.C.,
a Connecticut Limited Liability Partnership,

   Defendant.

CIVIL ACTION NO.

## COMPLAINT

Plaintiff, JOSE ERNESTO MARTINEZ, by and through his undersigned counsel, hereby files this Complaint and sues STEW LEONARD'S, L.L.C., a Connecticut Limited Liability Partnership, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, JOSE ERNESTO MARTINEZ, (hereinafter referred to as "MR. MARTINEZ"), is a resident of the State of Florida.

4. MR. MARTINEZ suffers from cerebral palsy, which causes him to be confined to a wheelchair. The condition also creates a spasticity in his arms and hands which makes it extremely difficult to grip any objects.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. The Defendant, STEW LEONARD'S, L.L.C., (hereinafter "DEFENDANT") is a Connecticut Limited Liability Partnership. Upon information and belief, the Defendant is the owner, lessee, and/or operator of a place of public accommodation, including the real property and improvements which is the subject of this action, to wit: Stew Leonard's, located at 100 Westport Avenue, Norwalk, Connecticut 06851.

7. MR. MARTINEZ frequently travels to Stamford, Connecticut to visit his grandmother, a resident of Stamford.

8. All events giving rise to this lawsuit occurred in the District of Connecticut, Fairfield County, Connecticut.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

9. Plaintiff realleges and reavers Paragraphs 1 - 8 as if they were expressly restated herein.

10. Stew Leonard's ("the Property") is a public accommodation, subject to the ADA, located at 100 Westport Avenue, Norwalk, Connecticut 06851, in the county of Fairfield.

11. MR. MARTINEZ has visited the Property, located at 100 Westport Avenue, Norwalk, Connecticut 06851, and plans to visit in the near future.

12. During his visit, MR. MARTINEZ experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 15 of this Complaint.

13. MR. MARTINEZ continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 15 which continue to exist.

14. MR. MARTINEZ plans to and will visit the Property during his future trips, however, he fears that he will face the same barriers to access as discussed in Paragraph 15 and any other barriers which have not been removed.

15. DEFENDANT is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and are discriminating against the Plaintiff due to, but not limited to, the following violations:

   A. inaccessible parking due to an insufficient number of accessible spaces designated for disabled use which are improperly signed, sized, marked, and which are not level;

   B. inaccessible route from the designated accessible parking spaces to the front entrance due to shopping carts which are improperly stored and block the sidewalk;

   C inaccessible entrance due to severe slope;

   D. inaccessible restrooms with toilets and sinks in violation of ADAAG requirements;

   E. inaccessible service and checkout counters due to excessive height; and

3

   F.  inaccessible routes and paths of travel throughout the facility due to ramps, flooring and sidewalks with excessive slopes and cross slopes.

16. The discriminatory violations described in Paragraph 15 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

17. Furthermore, DEFENDANT continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on DEFENDANT.

21. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

22. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by DEFENDANT pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

    B. That the Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

    D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com

By: _____
Bar ID No.: ct25510
KU & MUSSMAN, P.A.
Attorney for Plaintiff
Ioannis A. Kaloidis, Esq.
Of Counsel
21 Holmes Avenue
Waterbury, CT 06710
Tel: (203) 597-0010
Fax: (203) 597-0024
john@kaloidislaw.com